Dear Dr. Ahr:
This opinion in is response to your question asking:
 Is the Department of Mental Health required by law to seek competitive bids and process payments for its community placement program through the Division of Purchasing of the Office of Administration?
Section 34.030, RSMo 1978, states in part: "The commissioner of administration shall purchase all supplies for all departments
of the state except as in this chapter otherwise provided. . . ." (Emphasis added.)
Section 34.040, RSMo Supp. 1984, states in part: "Purchases
shall be based on competitive bids, except that the commissioner may make purchases of less than one hundred dollars in value on the open market. . . ." (Emphasis added.)
Section 34.010, RSMo 1978, states:
 1. "Contractual services" shall include all telephone, telegraph, postal, electric light and power service, and water, towel and soap service.
 2. The term "department" as used in this chapter shall be deemed to mean department, office, board, commission, bureau, institution, or any other agency of the state, except the legislative and judicial departments.
 3. The term "purchase" as used in this chapter shall include the rental or leasing of any equipment, articles or things.
 4. The term "supplies" used in this chapter shall be deemed to mean supplies, materials, equipment, contractual services and any and all articles or things, except as in this chapter otherwise provided. [Emphasis in original.]
Section 34.100, RSMo Supp. 1984, states:
 1. The commissioner of administration shall have power to authorize any department to purchase direct any supplies which in his judgment can best be purchased direct by such department. He shall prescribe rules under which such direct purchases shall be made; provided, however, that all such direct purchases shall be based upon competitive bids as otherwise required by this chapter. The commissioner in promulgating such rules may establish a procedure for a waiver of competitive bids where the bids received are not acceptable or where a minimum number of bids was not received and may allow for rebidding. The rules also may provide for a waiver of the bid procedure and may allow departments to negotiate the purchase of services for patients, residents, or clients with funds appropriated for this purpose. Each waiver issued by the commissioner shall be valid for no longer than one year and may be renewable by the commissioner. All such direct purchases shall be reported immediately to the commissioner of administration, together with all bids received and prices paid. No claim for payment based upon any such direct purchase shall be certified by the commissioner unless accompanied by such documentation of compliance with the provisions of this chapter as he may require.
 2. The commissioner shall have power to make or to authorize emergency purchases not to exceed the cost of one thousand dollars to be made direct by any department. [Emphasis added.]
Although the last quoted statute contemplates the promulgation of rules by the Commissioner of Administration, the Office of Administration currently operates on a case-by-case basis, granting departments documents denominated as "delegations of authority" to purchase supplies directly and "waivers of bid procedures" to authorize the department to purchase supplies on a noncompetitive bid basis.
The Department of Mental Health is part of the executive branch of Missouri government. Article IV, Section 12, Missouri Constitution. The Community Placement Program referred to in your question is organized pursuant to Sections 630.605 to 630.660, RSMo Supp. 1984. The Community Placement Program differs from the Purchase of Services Program organized pursuant to Sections 630.405 to630.460, RSMo Supp. 1984. The Purchase of Services Program is expressly covered by the State Purchasing Law. Section 630.405.3, RSMo Supp. 1984. Generally, under the Community Placement Program, the client must give his or her informed consent prior to placement. Section 630.625, RSMo Supp. 1984. If the client does not consent to the placement, then alternative proposals are presented. Sections630.630 and 630.635, RSMo Supp. 1984. We find no statute exempting the Community Placement Program from the State Purchasing Law, Chapter 34, RSMo 1978 and RSMo Supp. 1984. Cf. Section 200.071, RSMo Supp. 1984 (exempting the State Cancer Commission from the State Purchasing Law). Accordingly, we conclude that the Department of Mental Health is a "department", as that term is defined in Section 34.010.2, RSMo 1978, and that the Commissioner of Administration purchases all "supplies" for the Department of Mental Health's Community Placement Program under Section 34.030, RSMo 1978, except as otherwise provided by Section 34.100, RSMo Supp. 1984.
The term "supplies" is defined in Section 34.010.4, RSMo 1978, in part, to mean "contractual services". The term "contractual services" is defined in Section 34.010.1, RSMo 1978, and was interpreted in Opinion No. 163, Nielsen, 1975, as including other services not specifically mentioned. In Opinion Letter No. 22, Muckler, 1980, this office found that the term "contractual services" does not include the services of physicians, attorneys and expert witnesses. In Opinion No. 128, Bradford, 1981, this office concluded that professional and technical services other than those dealt with in the Muckler opinion letter are "contractual services" under the State Purchasing Law. Accordingly, it is the opinion of this office that the Commissioner of Administration purchases supplies for the Department of Mental Health's Community Placement Program, except for the services of physicians, lawyers and expert witnesses, and except for purchases where a delegation of authority has been issued by the Office of Administration to the Department of Mental Health pursuant to Section 34.100, RSMo Supp. 1984. Purchases for the Community Placement Program are to be based upon competitive bid, except where the competitive bid requirement has been waived by the Office of Administration under Section 34.100, RSMo Supp. 1984, and except for purchases of legal, medical and expert witness services.
We are aware that the statutes governing the Community Placement Program may require successive alternative proposals to be presented to each client, and that the Community Placement Program is geared to individualized placement. However, if the purchase of community placement services by the Office of Administration upon competitive bid is inefficient, the remedy is for the Department of Mental, Health to obtain delegations of authority to purchase such services directly and waivers of competitive bid procedures from the Office of Administration under Section 34.100, RSMo Supp. 1984.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General